[Civ. No. 37013. First Dist., Div. Four. Nov. 26, 1975.]

WRIGHT DEVELOPMENT COMPANY, Plaintiff and Appellant, v. CITY OF MOUNTAIN VIEW, Defendant and Respondent.

## COUNSEL

Morley, Smith & Burk, John Rogers Burk and David L. Lowe for Plaintiff and Appellant.

Bruce W. Liedstrand, City Attorney, for Defendant and Respondent.

## OPINION

**CALDECOTT, P. J.**—Appellant, Wright Development Company, owns an 81-unit apartment building located in the City of Mountain View. Appellant desired to convert the building to condominiums. For that purpose, it filed a tentative subdivision map with respondent City of Mountain View, which was approved by the city council on September 25, 1972. One of the conditions of approval of the subdivision map was payment of a subdivision fee for recreational purposes as authorized by Business and Professions Code section 11546.[1]

Appellant paid the fee on March 28, 1973. On April 9, 1973, the city council approved appellant's final subdivision map. On September 13, 1973, appellant notified respondent by letter that appellant had decided not to go ahead with the project, and that the subdivision map had not

---

[1]Section 11546 provides in part:

"The governing body of a city or county may by ordinance require the dedication of land, the payment of fees in lieu thereof, or a combination of both, for park or recreational purposes as a condition to the approval of a final subdivision map . . . provided that:

"

"(c) The land, fees, or combination thereof are to be used only for the purpose of providing park or recreational facilities to serve the subdivision. . . ."

been recorded. In the letter, appellant requested a return of the subdivision fee totalling $19,285.23.

On December 17, 1973, the city council declined to refund the fee. By letter dated January 28, 1974, and by personal appearance on February 25, 1974, appellant requested that the city reconsider its decision. On February 25, 1974, respondent city reaffirmed its decision to deny refund of the subdivision fee. On March 25, 1974, the approval of the subdivision map expired by operation of law.

Appellant then commenced this action in the superior court seeking a return of its subdivision fee of $19,285.23. The appeal is from the judgment entered following the sustaining of the demurrer of respondent City of Mountain View.

At all times relevant to this case, the Subdivision Map Act was contained in Business and Professions Code section 11500 et seq. Effective March 1, 1975, the Subdivision Map Act was recodified as part of Government Code section 66410 et seq. References hereafter will be to the act as was contained in the Business and Professions Code.

Section 11546 of the act authorizes the dedication of land or payment of fees in lieu thereof for park and recreational purposes as a condition to approval of a subdivision map.

The complaint in the case at bar says that the city imposed such condition, that plaintiff paid the fee, and that the city approved the final subdivision map.

Appellant argues that the fee should be returned as it has not established a subdivision and its authority to do so has expired; its present apartment building units are not within the definition of a subdivision under section 11535.1; and respondent city cannot now comply with section 11546, subdivision (c) to use the recreational fees to serve the subdivision as there is no subdivision.

■ Contrary to appellant's contention, there is no requirement that facilities purchased with a particular contribution must be used only by the residents of the subdivision that made the contribution. The requirement is that the fee be used only for recreation and park purposes. (See *Associated Home Builders etc., Inc.* v. *City of Walnut Creek,* 4 Cal.3d 633 [94 Cal.Rptr. 630, 484 P.2d 606, 43 A.L.R.3d 847].)

However, the controlling question presented by the instant case is not on the use of the money, but whether a subdivision was actually established. Obviously, if a subdivision did not come into existence then section 11546, requiring the payment of the fee, would not apply and the fee should be returned.

A situation similar to the instant case existed in *County of Los Angeles* v. *Hartford Acc. & Indem. Co.,* 3 Cal.App.3d 809 [83 Cal.Rptr. 740]. In the Los Angeles case an owner of an apartment building decided to convert it from rental apartments to condominium units. The case involved the requirement of posting a bond with the county to insure the payment of taxes. (§ 11601.) The subdivision map was recorded. The owner then abandoned his plan and no condominium unit was ever sold. The county sued on the bond for taxes due.

The court looked to the purpose of section 11601 and found that the purpose did not come into being until the condominium actually existed. As the condominium never came into existence the reason for requiring the bond failed and the county was not entitled to recover on the bond.

In the present case, the facts are almost identical to *County of Los Angeles* v. *Hartford Acc. & Indem. Co., supra,* except that it involves section 11546, the payment of the in lieu fee, instead of section 11601. The owner of a large apartment building, as in the Los Angeles case, decided to convert it from rental apartments to condominium units. As a condition for approval of the subdivision map the owner had to comply with section 11546. The owner then abandoned the plan and no condominium unit was ever sold.

Looking to purpose, as the court did in the Los Angeles case, we find that the purpose for section 11546 never came into being as the condominium, the subdivision, never came into existence. The owner in the present case received authorization to create a condominium but did not exercise that right and the right has now expired. The respondent's grant of approval is now void and the fee must be returned to the owner.

The judgment is reversed.

Rattigan, J., and Christian, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 21, 1976.